**Muhammad SHAWKAT ALI; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–71515.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

Sabbir Ahmed, Esq., Law Offices, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., U.S. Depart-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

ment of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Muhammad Shawkat Ali, and his family, Nahyan Ali, Sayeda Ali, and Faria Ali, natives and citizens of Bangladesh, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's decision denying their applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the BIA's decision for substantial evidence and must uphold it unless the evidence compels a contrary result. *Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding because Mr. Ali's testimony was internally inconsistent, inconsistent with his application, and contained implausibilities. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). Because some of the factual discrepancies went to the heart of the asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). It follows that the petitioners did not satisfy the more stringent standard for withholding of de-

portation. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

